James E. SHELTON et al., Appellants,

v.

UNITED STATES FIRE INSURANCE COMPANY et al., Appellees.

No. 18383.

Court of Civil Appeals of Texas, Fort Worth.

March 6, 1981.

Rehearing Denied April 2, 1981.

Loveless, Hartley, Eakman & Evans, and David L. Evans, Fort Worth, for appellants.

Harris, Harris & Harris, and Jack E. Harris, Arlington, for appellees.

## OPINION

SPURLOCK, Justice.

James Shelton, Bobby Simpson and James Seago (hereinafter termed plaintiffs) sued United States Fire Insurance Company and Royal Indemnity Company for losses due to a fire on leased premises. After a jury trial the trial court rendered judgment for the defendant insurance companies. The main issue on appeal is whether or not the evidence was legally sufficient to establish that the adjusters were the agents of the defendant companies.

We affirm the judgment.

In September of 1975 plaintiffs purchased fire insurance coverage from the appellees. The insurance covered the contents of the leased building they ran as a supper club. In July of 1976 while the policies were in effect, the building caught fire, heavily damaging the contents.

The insurance contracts provided for a 91 day period in which to file a proof of loss. Filing within this period constituted a condition precedent to the insurers' liability.

It is plaintiffs' contention that Royal Globe and States Fire, through their agents Barnum and Sulsh, deceived them, and caused them to fail to file the required completed proof of loss forms within the prescribed time period. This deception, plaintiffs contend, constituted deceptive trade practices under Tex.Bus. & Comm. Ann. § 17.41 et seq. (Supp.1980) in conjunction with Tex.Ins.Code art. 21.21 (Supp. 1963–79) entitling them to treble damages. Plaintiffs also plead a contractual theory of recovery.

Plaintiffs raise twenty-five points of error on appeal. We overrule each of these points because they failed to establish proof of an agency-principal relationship existing between the alleged agent Barnum or Sulsh with at least one of the defendant insurance companies. (In response to a special issue the jury found that Royal Indemnity did not, through its "agent, Bernie Sulsh" state a misrepresentation to plaintiffs. Plaintiffs do not any where challenge that finding.)

■ One of the most fundamental rules of the law of agency is that the mere hearsay declarations of the alleged agent, standing alone, are incompetent to establish the existence of the alleged agency. 3 Tex.Jur. 3rd, *Agency* § 240 (1980).

■ Barnum, the alleged agent of Royal and United States Fire did not testify. Nor was his deposition, if taken, introduced into evidence. Shelton did testify that he had conversed with Barnum, that Barnum instructed Shelton to dispense with their attorney so Barnum would talk with them about the claim, and that Barnum led them to believe he was the agent for both insurance companies. There is no proof sufficient to establish the existence of an agency relationship between Barnum and Royal or United States Fire.

Plaintiffs' statutory and common law causes of action hinge on the existence of this agency relationship. Absent the establishment of this primary connection between the alleged actor and the appellee insurance companies plaintiffs have proved nothing more than the misleading acts of an unconnected, unrelated party. Stated simply, without proof of agency plaintiffs have failed to establish any cause of action against either United States Fire Insurance Company or Royal Indemnity Company. Under such circumstances, if any error was committed, it was harmless.

Judgment affirmed.